# EXHIBIT A

Anton Ewing
3077 Clairemont Drive #372
San Diego, CA 92117

Plaintiff In Pro Per

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego

**10/20/2015** at 11:29:00 AM
Clerk of the Superior Court
By Lila Behr, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO

ANTON EWING,

        Plaintiff,

    vs.

A1 SOLAR POWER, INC., a California
Corporation;
A1 SOLAR POWER, LLC, a California
limited liability company;
PATRICK DETCHMAN, an individual;
DAVID MALKA, an individual;
SHRAGA AGAM, an individual;
JACOB SHERF, an individual;
IMAGE HOME DESIGN, INC., a
California corporation (aka California
Preferred Builders, Inc.);
SMART ENERGY SOLAR, INC, a
California corporation;
LEOBARDO JOAQUIN BAUTISTA,
an individual (aka Bautista Leo
Joaquin);
UNITED EXPRESS CONSTRUCTION
INC., a California Corporation;
AMER DUYED, an individual;
FREDI HAMIAS, an individual;
TREEIUM INC., a California
Corporation;
MOTY GINSBURG, an individual;

Civil Case No. 37-2015-00035326-CU-BT-CTL

**COMPLAINT FOR VIOLATIONS OF CALIFORNIA'S INVASION OF PRIVACY ACT, CAL. PENAL CODE SECTION 630, *ET SEQ.*; 18 U.S.C. §1964(c) RICO; 47U.S.C.§227 TCPA – ROBO SPAM CALLER, FRAUD; TRESPASS TO CHATTELS; CALLER ID SPOOFING; B&P §17200 – UNFAIR BUSINESS PRACTICES ACT**

DEMAND FOR JURY TRIAL

| | |
|---|---|
| SOLARCITY CORPORATION, a Delaware Corporation; JAMES HENRY CAHILL, an individual; BENJAMIN JEREMIAH LIU, an individual; LYNDON ROBERT RIVE, an individual; PETER JOSHUA RIVE, an individual; BRIAN LEE ZIMMERLY, an individual; RENESOLA AMERICA INC., a Delaware Corporation; RENEHOMES, INC., a Delaware Corporation; JINHUI CHEN, an individual; JOHN DOES 1-100; ABC CORPORATIONS 1-100;<br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Plaintiff Anton Ewing ("Plaintiff"), on behalf of himself (in propria

persona), alleges as follows against Defendants A1 SOLAR POWER, INC., a

California Corporation, A1 Solar Power, LLC, a California limited liability

company, PATRICK DETCHMAN, an individual, DAVID MALKA, an

individual, JACOB SHERF, an individual, IMAGE HOME DESIGN, INC., a

California corporation also known as California Preferred Builders, Inc., SMART

ENERGY SOLAR, INC., a California corporation, and LEOBARDO JOAQUIN

BAUTISTA, an individual also known as BAUTISTA LEO JOAQUIN, UNITED

EXPRESS CONSTRUCTION INC., a California Corporation, AMER DUYEB, an

individual, FREDI HAMIAS, an individual, TREEIUM INC., a California

Corporation, and MOTY GINSBURG, an individual, SOLARCITY

CORPORATION, a Delaware Corporation; JAMES HENRY CAHILL, an

individual; BENJAMIN JEREMIAH LIU, an individual; LYNDON ROBERT

RIVE, an individual; PETER JOSHUA RIVE, an individual; BRIAN LEE

ZIMMERLY, an individual;  RENESOLA AMERICA INC., a Delaware

Corporation, RENEHOMES, INC., a Delaware Corporation, and JENHUI CHEN,

an individual (Collectively herein "SOLAR"),  JOHN DOES 1-100, ABC

CORPORATIONS 1-100.

Plaintiff has never had any prior business relationship with any of the named

Defendants.  Plaintiff's cellular telephone number 619-719-9640 is a private

personal cellular telephone number.

### JURISIDICTION TO HEAR THIS COMPLAINT IN STATE COURT

Plaintiff Anton EWING (herein "EWING") brings this action for multiple

violations of California's Privacy Act and California Penal §630, et seq. by

Defendants as hereinafter described.  The causes of action are, in large part, state

law violations regarding illegal recording, unfair business practices, fraud, and

robo-dialing.  In addition, Defendants have violated 48 U.S. C. §227.

### Standard Applicable to a Preliminary Injunction

To demonstrate his entitlement to a preliminary injunction, Plaintiff EWING

must show (a) that he will suffer irreparable harm and (b) either (i) a likelihood of

success on the merits or (ii) sufficiently serious questions going to the merits to

make them a fair ground for litigation and a balance of hardships tipping decidedly in Plaintiffs' favor.

This Honorable Court has personal and subject matter jurisdiction and venue over state law claims and may hear pendant federal law violations.

This Honorable Court is requested to enter an order for preliminary injunction to prohibit Defendants from calling or spamming Plaintiff and to prohibit Defendants from selling his personal confidential information to third parties.

## FICTITIOUS DEFENDANTS

John Does 1-100 and ABC Corporations 1-100, are each sued fictitiously because their true names are currently unknown but leave to amend is hereby reserved and amendment will be made to properly name said defendants as soon as discovery allows therefor.

## GENERAL ALLEGATIONS & CORPORATE BACKGROUND

1.      Plaintiff Anton Ewing is a U.S. citizen and a resident of the City of San Diego, County of San Diego, State of California.

2.      Each and every named Defendant called Plaintiff's private personal cellular telephone without permission or consent and at all times in violation of the national do not call registry.

3. Each and every call made by Defendants was unwelcomed, disturbing, and wasted Plaintiff's time.

4. The number of calls made to Plaintiff's phone by the Defendants within the last 12 months has been alarmingly voluminous.

5. Moreover, each time each Defendant called Plaintiff, Plaintiff told each Defendant, or their representative, to cease and desist from future calls. But that has not stopped or even slowed the Defendants down. The repeated call after call after call can only be described as an onslaught and willful harassment.

6. Defendant A1 SOLAR POWER, INC. is a Corporation formed by the Secretary of State of California on or about February 13, 2004. A1 SOLAR POWER, INC. purposefully directed its activities into California and has availed itself of the benefits and protections of California law. A1 SOLAR POWER, INC has its main business office in Van Nuys, California.

7. Defendant IMAGE HOME DESIGN, INC. is a Corporation formed by the Secretary of State of California on or about October 22, 2008. IMAGE HOME DESIGN, INC. purposefully directed its activities into California and has availed itself of the benefits and protections of California law. IMAGE HOME DESIGN, INC. has its main business office in Woodland Hills, California.

8. Defendant SMART ENERGY SOLAR, INC. is a Corporation formed

by the Secretary of State of California on or about August 23, 2013.  SMART ENERGY SOLAR, INC. purposefully directed its activities into California and has availed itself of the benefits and protections of California law.  IMAGE HOME DESIGN, INC. has its main business office in Corona, California.

9.      Defendant UNITED EXPRESS CONSTRUCTION INC. is a Corporation formed by the Secretary of State of California on or about August 17, 2006.  UNITED EXPRESS CONSTRUCTION INC. purposefully directed its activities into California and has availed itself of the benefits and protections of California law.  UNITED EXPRESS CONSTRUCTION INC. has its main business office in Van Nuys, California.

10.     Defendant TREEIUM INC. is a Corporation formed by the Secretary of State of California on or about November 29, 2010.  TREEIUM INC. purposefully directed its activities into California and has availed itself of the benefits and protections of California law.  TREEIUM INC. has its main business office in Valley Village, California.

11.     Defendant SOLARCITY CORPORATION is a Corporation formed by the Secretary of State of California on or about September 7, 2006. SOLARCITY CORPORATION purposefully directed its activities into California and has availed itself of the benefits and protections of California law.

SOLARCITY CORPORATION has its main business office in San Diego, California.

12.     Defendant RENESOLA AMERICA INC., is a Corporation formed by the Secretary of State of California on or about March 6, 2012.  RENESOLA AMERICA INC. purposefully directed its activities into California and has availed itself of the benefits and protections of California law.  RENESOLA AMERICA INC. has a business office in San Francisco, CA.

13.     Defendant RENEHOMES, INC., is a Corporation formed by the Secretary of State of California on or about January 14, 2015.  RENEHOMES, INC. purposefully directed its activities into California and has availed itself of the benefits and protections of California law.  RENEHOMES, INC. has its main business office in San Francisco, California.

14.     During the period relevant herein and continuing presently, A1 SOLAR POWER, INC. was and continues to be the alter ego of Defendants PATRICK DETCHMAN, DAVID MALKA, and SHRAGA AGAM.  A1 SOLAR POWER, LLC is a defunct LLC according to the California Secretary of State and therefore not allowed to defend itself in any California court under the California Revenue & Taxation Code which makes it a crime for an attorney to represent this LLC.  IMAGE HOME DESIGN, INC. was and continues to be the alter ego of Defendant JACOB SHERF.  SMART ENERGY SOLAR, INC. was and continues

to be the alter ego of Defendant LEOBARDO JOAQUIN BAUTISTA aka BAUTISTA LEO JOAQUIN.  UNITED EXPRESS CONSTRUCTION INC. was and continues to be the alter ego of Defendants AMER DUYED and FREDI HAMIAS.  TREEIUM INC. was and continues to be the alter ego of Defendant MOTY GINSBURG.  SOLARCITY CORPORATION was and continues to be the alter ego of Defendants   JAMES HENRY CAHILL, BENJAMIN JEREMIAH LIU, LYNDON ROBERT RIVE, PETER JOSHUA RIVE, and BRIAN LEE ZIMMERLY.  RENESOLA AMERICA INC., was and continues to be the alter ego of Defendant JENHUI CHEN.  RENEHOMES, INC., was and continues to be the alter ego of Defendant JENHUI CHEN.

15.     On or about June 15, 2015 and again multiple times on July 1, 2015, A1 SOLAR POWER, INC., or one of its employees, agents or contractors at its direction and control, called Plaintiff from 818-574-3484 on Plaintiff's personal cellular telephone at 619-719-9640 for which EWING has expressly informed the public to not make solicitation calls via national do-not-call list registration as well as other public warnings.  A1 SOLAR POWER, INC. also illegally called Plaintiff on October 8th and October 9th 2015 in violation of 47 USC §501 and §227(b)(3). In June of 2015, Plaintiff corresponded with attorney David Socher who has represented A1 SOLAR POWER, INC. many times requesting  A1 SOLAR POWER, INC. to stop calling Plaintiff.  Mr. Socher informed Plaintiff that he has

repeatedly informed his clients to never call Plaintiff ever again.  Plaintiff was contacted by the CSLB (CA Contractor's License Board) to provide evidence and testimony about the illegal and criminal acts of A1 SOLAR POWER, INC.

16.     In 2015, IMAGE HOME DESIGN, INC., or one of its employees, agents or contractors at its direction and control, called Plaintiff on Plaintiff's personal cellular telephone at 619-719-9640 for which EWING has expressly informed the public to not make solicitation calls via national do-not-call list registration as well as other public warnings.  IMAGE HOME DESIGN, INC. also illegally called Plaintiff in violation of 47 USC §501 and §227(b)(3).

17.     In 2015, SMART ENERGY SOLAR, INC., or one of its employees, agents or contractors at its direction and control, called Plaintiff on Plaintiff's personal cellular telephone at 619-719-9640 for which EWING has expressly informed the public to not make solicitation calls via national do-not-call list registration as well as other public warnings.  SMART ENERGY SOLAR, INC. also illegally called Plaintiff in violation of 47 USC §501 and §227(b)(3).

18.     In 2015, UNITED EXPRESS CONSTRUCTION INC., or one of its employees, agents or contractors at its direction and control, called Plaintiff on Plaintiff's personal cellular telephone at 619-719-9640 for which EWING has expressly informed the public to not make solicitation calls via national do-not-call list registration as well as other public warnings.  UNITED EXPRESS

CONSTRUCTION INC. also illegally called Plaintiff in violation of 47 USC §501 and §227(b)(3).

19.     In 2015, TREEIUM INC., or one of its employees, agents or contractors at its direction and control, called Plaintiff on Plaintiff's personal cellular telephone at 619-719-9640 for which EWING has expressly informed the public to not make solicitation calls via national do-not-call list registration as well as other public warnings.  TREEIUM INC. also illegally called Plaintiff in violation of 47 USC §501 and §227(b)(3).

20.     On or about August 14, 2015 and again on October 15, 2015, SOLARCITY CORPORATION, or one of its employees, agents or contractors at its direction and control, called Plaintiff from 888-765-2489 and 725-333-7754 on Plaintiff's personal cellular telephone at 619-719-9640 for which EWING has expressly informed the public to not make solicitation calls via national do-not-call list registration as well as other public warnings.  SOLARCITY CORPORATION also illegally called Plaintiff in violation of 47 USC §501 and §227(b)(3).

21.     On or about August 13, 2015 RENESOLA AMERICA INC., or one of its employees, agents or contractors at its direction and control, called Plaintiff from 619-215-9071 on Plaintiff's personal cellular telephone at 619-719-9640 for which EWING has expressly informed the public to not make solicitation calls via national do-not-call list registration as well as other public warnings.  RENESOLA

AMERICA INC. also illegally called Plaintiff in violation of 47 USC §501 and §227(b)(3).

22.     RENEHOMES, INC. or one of its employees, agents or contractors at its direction and control, called Plaintiff from 619-215-9071 on Plaintiff's personal cellular telephone at 619-719-9640 for which EWING has expressly informed the public to not make solicitation calls via national do-not-call list registration as well as other public warnings.  RENEHOMES, INC. also illegally called Plaintiff in violation of 47 USC §501 and §227(b)(3).

23.     A personal cellular phone is not even required to be listed on the National Do Not Call list in order to receive protection from spam telemarketers yet each of the Defendants have completely ignored this important law.

24.     This action arises out of each of the Defendants' violations of California's Invasion of Privacy Act, Cal. Penal Code §630, *et seq.* ("CIPA"), which prohibits the recording of confidential communications without the consent of all parties to the conversation as well as violations of Racketeering Influence and Corrupt Organizations Act, 18 U.S.C. §1964 and the Telephone Consumer Protection Act, 47 U.S.C. §227.  Additionally, as a pendant claim, Defendants have violated California Public Utility Code section 2873 by using an automated dialer and automated answering device to call Plaintiff.  Additionally, Defendants have

violated the Truth in Caller ID Act of 2009 by spoofing a false and fake telephone number when each of the Defendant's called Plaintiff's cellular telephone.

25.     During the period relevant herein, SOLAR Defendants were providers of information technology and centralized operational and back-end support services to the SOLAR Defendants, and all of its subsidiaries. As such, the SOLAR Defendants, provided the infrastructure for dialing and recording the calls at issue in this litigation.  The SOLAR Defendants use automated telephone dialing systems and recording devices at the direction of the SOLAR Defendants, and its relevant subsidiaries.  The SOLAR Defendants also managed the call centers and telephony architecture and telephone recordings for each of their enterprises, and subsidiaries.  The SOLAR Defendants continue to manage call centers and recordings on behalf of the racketeering enterprise business.

26.     Moreover, the SOLAR Defendants continue to monitor and record telephone calls to California residents, including Plaintiff.

27.     During the relevant period herein, thousands of telephone calls with individuals in California were recorded by SOLAR's telephone systems at the direction of each of the other Defendants.

28.     Additionally, A1 SOLAR POWER, INC., on behalf of itself and the enterprise, engaged in express threats directed at Plaintiff.   Said A1 SOLAR POWER, INC. threats were violent and caused Plaintiff fear of his safety.

## JURISDICTION

29.    Jurisdiction is proper in the Superior Court because Plaintiff is resident of San Diego.

## VENUE

30.    Venue is proper in San Diego County because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in San Diego County.  Each of the Defendants has sufficient minimum contacts with San Diego County and the State of California, and otherwise purposely avail themselves of the markets in this state.

## PARTIES

31.    Plaintiff ANTON A. EWING is a resident of San Diego County, California whose confidential telephone communications were unlawfully recorded by the SOLAR Defendants during the period relevant herein.  Plaintiff EWING had placed his telephone number for his cellular phone on the Do Not Call registry in 2012.

### Defendants

32.    On or about June 1, 2015, July 1, 2015, and October 8 and 9, 2015, Plaintiff EWING was knowingly and intentionally called by A1 SOLAR POWER, INC., or one of its employees, agents or contractors at its direction and control based on a telephone list obtained.

33.    Defendant A1 SOLAR POWER, Inc. is located on 15025 Oxnard Street in Van Nuys, California.

34.    In 2015, Plaintiff EWING was knowingly and intentionally called by IMAGE HOME DESIGN, INC., or one of its employees, agents or contractors at its direction and control, based on a telephone list obtained.

35.    Defendant IMAGE HOME DESIGN, INC. is located on 20335 Ventura Blvd., Suite 422, Woodland Hills, CA 91364.

36.    In 2015, Plaintiff EWING was knowingly and intentionally called by SMART ENERGY SOLAR, INC., or one of its employees, agents or contractors at its direction and control, based on a telephone list obtained.

37.    Defendant SMART ENERGY SOLAR, INC. is located on 1641 Commerce Street, Corona, CA 92880.

38.    In 2015, Plaintiff EWING was knowingly and intentionally called by UNITED EXPRESS CONSTRUCTION INC., or one of its employees, agents or contractors at its direction and control, based on a telephone list obtained.

39.    Defendant UNITED EXPRESS CONSTRUCTION INC. is located on 15500 Erwin Street, Suite 1001, Van Nuys, California 91411.

40.    In 2015, Plaintiff EWING was knowingly and intentionally called by TREEIUM INC., or one of its employees, agents or contractors at its direction and control, based on a telephone list obtained.

41.     Defendant TREEIUM INC. is located on 5352 Laurel Canyon Blvd., Suite. 200, Valley Village, California 91607.

42.     On or about August 14, 2015 and October 14, 2015, Plaintiff EWING was knowingly and intentionally called by SOLARCITY CORPORATION, or one of its employees, agents or contractors at its direction and control, based on a telephone list obtained.

43.     Defendant SOLARCITY CORPORATION is located on 5183 Mercury Point, San Diego, California 92111.

44.     On or about August 13, 2015, Plaintiff EWING was knowingly and intentionally called by RENESOLA AMERICA INC., or one of its employees, agents or contractors at its direction and control, based on a telephone list obtained.

45.     Defendant RENESOLA AMERICA INC. is located on 301 Howard Street, Suite 850, San Francisco, CA, 94105.

46.     On or about August 13, 2015, Plaintiff EWING was knowingly and intentionally called by RENEHOMES, INC., or one of its employees, agents or contractors at its direction and control, based on a telephone list obtained.

47.     Defendant RENEHOMES, INC. is located on 301 Howard Street, Suite 850, San Francisco, CA, 94105.

## SPECIFIC FACTUAL ALLEGATIONS

48.     Plaintiff is informed and believes, and therefore alleges, that

Defendants A1 SOLAR POWER, INC, IMAGE HOME DESIGN, INC., SMART

ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC.,

TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC.,

and RENEHOMES, INC. owned the call centers that were used to make the non-

consensual recordings of confidential communications that are at the core of this

matter.  SOLAR Defendants also supervised and conducted the internal affairs and

daily business operations of each of their corporations in such a way as to treat all

of its subsidiaries, including the owners and officers thereof as their alter ego, by

engaging in conduct, acts or omissions including controlling SOLAR Defendants

to such a degree as to render SOLAR a mere instrumentality of each of the

Defendants.

49.     SOLAR Defendants and its agents and employees constitute a

racketeering enterprise.  Said enterprise used and employed the wires of the United

State of America to engage in fraudulent and criminal activity by calling to

Plaintiff's California cellular telephone as well as using the spoof caller ID.  Using

a false or fraudulent caller ID is a federal crime.

50.     These calls crossed state lines and thus constitute the predicate act of

wire fraud in that Defendants used the telephone infrastructure of the United States

to commit their interstate criminal activities that were continuous and ongoing for several years.

51.     SOLAR Defendants are in the business of illegally selling lists of names of persons on the National Do Not Call list so that those persons get and receive calls from spammers and telemarketers.

52.     SOLAR Defendants know that all of the calls made are recorded without permission or proper disclosure of the recording.

53.     Plaintiff is informed and believes, and therefore alleges, that SOLAR Defendants comprehensive right to control is sufficient to meet the agency standard under California law.

54.     During the relevant period described herein, Defendants each aided and abetted, encouraged and rendered substantial assistance to each other in furthering the CIPA and RICO violations.  In addition to acting on their own behalf individually, Defendants, each of them, are and were acting as the agent, alter ego, servant, employee, joint venturer, and representative of, and with the knowledge, consent and permission of, and in concert with the other defendants.

55.     The actions of all the Defendants as described in this complaint all fall within the course, scope, and authority of the agency, service, and employment relationships that exist between the Defendants, and as such, create joint ventures

between all of the Defendants to the extent that binding legal relationships do not already exist.

56.     The actions and representations of Defendants constitute a conspiracy on the part of Defendants for the purpose of such actions and representations made to the Plaintiff of this cause of action.

57.     The SOLAR Defendants illegally and unlawfully engaged in the conduct of an enterprise through a pattern of racketeering activity.  Said conduct occurred over an extended period of time so as to form a pattern.

58.     The 1st enterprise consisted of A1 SOLAR POWER, INC., PATRICK DETCHMAN, DAVID MALKA, SHRAGA AGAM and each fictitiously named defendant.  Said enterprise was controlled, operated, directed and managed by PATRICK DETCHMAN, DAVID MALKA, and SHRAGA AGAM.

59.     The 2nd enterprise consisted of IMAGE HOME DESIGN, INC., JACOB SHERF, and each fictitiously named defendant.  Said enterprise was controlled, operated, directed and managed by JACOB SHERF.

60.     The 3rd enterprise consisted of SMART ENERGY SOLAR, INC., LEOBARDO JOAQUIN BAUTISTA aka BAUTISTA LEO JOAQUIN, and each fictitiously named defendant.  Said enterprise was controlled, operated, directed and managed by LEOBARDO JOAQUIN BAUTISTA aka BAUTISTA LEO JOAQUIN.

61.     The 4th enterprise consisted of UNITED EXPRESS CONSTRUCTION INC., AMER DUYEB, FREDI HAMIAS, and each fictitiously named defendant.  Said enterprise was controlled, operated, directed and managed by AMER BUYEB and FREDI HAMIAS.

62.     The 5th enterprise consisted of TREEIUM INC., MOTY GINSBURG, and each fictitiously named defendant.   Said enterprise was controlled, operated, directed and managed by MOTY GINSBURG.

63.     The 6th enterprise consisted of SOLARCITY CORPORATION, JAMES HENRY CAHILL, BENJAMIN JEREMIAH LIU, LYNDON ROBERT RIVE, PETER JOSHUA RVE, BRIAN LEE ZIMMERLY, and each fictitiously named defendant.  Said enterprise was controlled, operated, directed and managed by JAMES HENRY CAHILL, BENJAMIN JEREMIAH LIU, LYNDON ROBERT RIVE, PETER JOSHUA RIVE, and BRIAN LEE ZIMMERLY.

64.     The 7th enterprise consisted of RENESOLA AMERICA INC. and JENHUI CHEN, and each fictitiously named defendant.   Said enterprise was controlled, operated, directed and managed by JENHUI CHEN.

65.     The 8th enterprise consisted of RENEHOMES, INC. and JENHUI CHEN, and each fictitiously named defendant.   Said enterprise was controlled, operated, directed and managed by JENHUI CHEN.

66.     The racketeering activity consisted of the making of threats, extortion, wire fraud, mail fraud, and violations of California criminal laws, including illegal recording of Plaintiff's calls.  Each of the above stated acts by Defendant A1 SOLAR POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC., TREEIUM, INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC. (who called Plaintiff multiple times) and co-conspirators PATRICK DETCHMAN, DAVID MALKA, SHRAGA AGAM, JACOB SHERF, LEOBARDO JOAQUIN BAUTISTA aka BAUTISTA LEO JOAQUIN, AMER DUYEB, FREDI HAMIAS, MOTY GINSBURG, JAMES HENRY CAHILL, BENJAMIN JEREMIAH LIU, LYNDON ROBERT RIVE, PETER JOSHUA RIVE, BRIAN LEE ZIMMERLY, and JENHUI CHEN constitute racketeering activity indictable pursuant to 18 USC §1962, et seq.

67.     The making of a threat by A1 SOLAR POWER, INC. against Plaintiff EWING telephonically by A1 SOLAR POWER, INC. constitute, *inter alia*, the extortion and stalking required under RICO's indictable offenses.  Further, A1 SOLAR POWER, INC.'s use of telephones to engage in threats and harassment constitutes the illegal use of the wires of the United States sufficient to constitute wire fraud.  A1 SOLAR POWER, INC. has also violated California's racketeering statute (PC §186 et seq), which is hereby incorporated by this reference as if fully

set forth herein.  This state law racketeering claim is a pendant claim that may be heard by the federal district court alongside the federal question causes of action. A1 SOLAR POWER, INC. is no doubt engage in organized crime.

68.     Wire Fraud under 18 USC §1343 is when A1 SOLAR POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC., TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC., having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmitted or caused to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice.  In this case A1 SOLAR POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC., TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC., called, texted and emailed Plaintiff personally and caused Plaintiff to be called and recorded in violation of California's criminal law.

69.     A1 SOLAR POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC.,

TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC.s' calls constituted a scheme and artifice to defraud Plaintiff and to obtain money and property from Plaintiff.  A1 SOLAR POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC., TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC. attempted to get Plaintiff to send them money.  The call, and A1 SOLAR POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC., TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC.'s emails and texts, were transmitted by means of wires in interstate commerce through the telephone and internet lines of the United States.

70.     A1 SOLAR POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC., TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC.'s calls and emails also constituted threats and extortion using the wires and internet of the United States.  A1 SOLAR POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC., TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC. made

two or more calls and sent two or more emails to Plaintiff to engage in wire fraud, extortion and threats.

71.     PATRICK DETCHMAN is a psychopath who is vociferously out to make a quick buck even if it means he have to harass, intimidate and threaten others who get in his way.  SOLAR Defendants are clearly the type of racketeer that Congress intended to stop when it passed the RICO law some 40 years ago.

72.     Defendant Sherf is fraudulently and falsely advertising that he is "California Preferred Building, Inc." which said corporation does not actually even exist in California and is not licensed by the California Contractor State License Board.  As such Defendant Sherf is engaging in unfair business practices. Defendant Sherf's agents illegally called Plaintiff on multiple occasions between February 22, 2015 and October 11, 2015.

73.     Defendant Sherf and his fake, false and fraudulent construction corporation are not allowed to call Plaintiff on Plaintiff's cell phone.

74.     Dozens and dozens of complaints are listed on yelp.com against California Preferred Builders, Inc., the majority of which complain about Defendant's Sherf's illegal telemarketing activities.

75.     Defendant Sherf runs a classic 'boiler room' criminal enterprise where he has dozens of scammers just like him illegally calling private persons who are on the national Do Not Call Registry (DNC).

76.     Defendant Sherf, nor any of the other named defendants, do not scrub or redact their telemarketing list against the DNC.

## FACTUAL ALLEGATIONS REGARDING CONFIDENTIAL TELEPHONIC COMMUNICATIONS WITH PLAINTIFF

77.     In 2015, plaintiff EWING was called by SOLAR Defendants. SOLAR Defendants engaged plaintiff EWING in confidential telephone communications.  To the best of plaintiff EWING's recollection, he spoke to SOLAR Defendants' personnel several times in addition to being called by the Solar robotic Echo system.

78.     On any of the occasions when he spoke telephonically with SOLAR Defendants' personnel, Plaintiff EWING was not advised at the outset of the calls that the calls might be recorded by SOLAR Defendants.  In light of the sensitive nature of the personal and confidential information being discussed during the telephone calls, Plaintiff EWING had an objectively reasonable expectation of privacy – in that he reasonably expected that the conversations were not being overheard, monitored and/or recorded.

79.     Defendants A1 SOLAR POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC., TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC., refused to provide Plaintiff with a written copy of

its do not call policy and refused to take Plaintiff's name and number off the telemarketing list.  Plaintiff was called multiple other times by said Defendants employees or agents on a spoofed telephone number.

## DEFENDANTS' IMPROPER AND ILLEGAL
## RECORDING POLICIES AND PRACTICES

80.    Defendants' policies and practices, during the period relevant herein and continuing to the present, were to record confidential telephonic communications with California individuals, without advising them at the outset of each telephone call that it is being recorded, in violation of California Penal Code §630, et seq.

81.    The SOLAR Defendants did not obtain consent to record any of the telephone conversations prior to the time they recorded the calls.

82.    SOLAR Defendants designed and implemented an extensive call center system for the thousands of consumer transactions serviced by its various affiliates and subsidiaries.

83.    During the times relevant to the CIPA claims made herein, the system included 3 domestic and international call centers from which customer calls are placed and received on behalf of SOLAR business units.

84.    SOLAR Defendants operate, implement and manage the architecture and infrastructure necessary to meet the call recording strategies set by SOLAR

Defendants.  At the direction of the relevant business unit subsidiary of SOLAR, SOLAR's infrastructure dialed telephone numbers to California individuals and recorded the telephone calls. The volume of calls was extraordinary.

85.     At each call center, defendant SOLAR used databases and servers to store and retrieve the recordings.

86.     SOLAR continues to maintain call centers and oversee recordings in connection with SOLAR's line of business.  Plaintiff will seek, demand and argue for punitive damages at trial herein to send a message to Defendants and others similarly situated that violation of California's criminal and federal stalking, terrorism and harassment laws are not allowed.

87.     The central automated telephone dialing system ("ATDS") was, and currently continues to be, used by Defendants to initiate up to two thousand calls a day.  The ATDS is used by all the subsidiaries of SOLAR.  Approximately 10% or 1,000 of these calls were made to California consumers.

88.     Defendants' policy and practice was to set the ATDS to call the consumer's home, business, and cellular telephones up to five times a day. Depending on the instructions given by each business unit, 15%-20% of all of the telephone calls (at times up to 100% of the calls in certain businesses) were set to record by SOLAR and recorded, using a centralized call recording hardware and

software.  Recording began when the customer was connected with a call center agent.

89.     Defendants together strategically managed the ATDS to maximize resources, i.e., by employing a consistent process across the businesses for determining how and when calls would be made through the ATDS and scoring or rating the calls for advance treatment through the ATDS.

90.     SOLAR's businesses directly loaded customer information onto SOLAR's "mainframe" or "back-end" computer system, which includes the ATDS.  During the day, accounts would be loaded into dialer tables, and the tables would then be run through the dialer.  Once the ATDS would initiate the call, and a customer would answer, SOLAR's "automated call distributor" would then route the call to an available agent.

91.     Plaintiff EWING was physically present in California during each and every illegally recorded telephone conversation alleged herein.  At the same time the call was routed, the agent received the customer's information on a computer screen.  If a recording of the telephone communications was going to be made by the recording system, the recording would begin when the SOLAR Defendants' agent picked up the call.  The agents do not have the ability to stop or start call recording.  The agents do not know which calls are being recorded.  With respect to whether the telephone agents themselves provide the call recipients with a

verbal advisement that the call may be recorded, Defendants admit to a policy whereby the agents do not provide any advisement to customers that the calls are being recorded.  Renee stated that it was not in the agent's script.

92.    For calls related to the SOLAR business, Defendants are required, pursuant to California Penal Code §630 et seq., to give a verbal advisory that the call is being recorded before speaking to a customer.  The SOLAR Defendants have previously admitted that based on an evaluation of a sample set of recordings, a verbal advisory was not given.

93.    CIPA prohibits the recording of communications without first obtaining the consent of all parties to the conversation. Cal. Penal Code §632.

94.    PC Section 632.7 does not require that a communication be confidential in order to be provided protection from interception or recording. The text of the section notably contains no reference to "confidential communications;" moreover, more than just confidential communications are protected.

95.    ALL communications that are recorded without the consent of both parties to the communication are protected.

96.    The right protected by Section 632 is not against the betrayal of a party's confidence by the other party. Rather, Section 632 protects against simultaneous dissemination to an unannounced second auditor without the party's

consent.  Any communication, regardless of the intimacy of the facts discussed, that is recorded devoid of notice of recordation, is a violation of California law.

97.     Under California law, the term "confidential communication" includes any communication carried on in circumstances that may reasonably indicate that any party to the communication desires it to be confined to the parties thereto. Cal. Pen. Code §632(c).   In other words, a communication is confidential "if a party to that conversation has an objectively reasonable expectation that the conversation is not being overheard."

98.     In light of the sensitive nature of the personal financial and related information being discussed in the calls with Defendants, Plaintiff had an objectively reasonable expectation of privacy – in that EWING reasonably expected that the conversations were not being overheard, monitored and/or recorded.

99.     The absence of any such advisement would lead a California consumer to reasonably anticipate that his/her telephone call was not being recorded.  In November 2011, the California Court of Appeal in *Kight v. CashCall, Inc.*, 200 Cal. App. 4th 1377, 1385 (2011), held that an automated advisory that the call "may be monitored and recorded for quality assurance" does not constitute adequate notice to the call recipient.

100.   In violation of the CIPA, Defendants recorded Plaintiff's telephone calls without EWING's express consent.

101.   Defendants have engaged in a pattern and practice of recording a substantial percentage of the telephonic communications with individuals located in California.

102.   Defendants intentionally, and without the consent of all parties, by means of an electronic recording device, recorded confidential telephonic communications with Plaintiff EWING.

103.   The complaint here is timely filed.  The applicable statute of limitations for violations of the CIPA is one year (Cal. Civ. Proc. Code §340(a).

104.   This Complaint is thus timely and Defendants have been on timely notice.  Plaintiff warned Defendants directly that they are not allowed to call Plaintiff.

105.   Plaintiff also warned Defendant A1 SOLAR POWER, INC.'s attorney David Socher that they are not allowed to call Plaintiff.  This was done in June of 2015.

**CAUSES OF ACTION**

**(For Statutory Damages and Injunctive Relief for Violations of Cal. Penal Code Sections 632 and 637.2(a)-(b))**

106.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

107.   At all times relevant herein, Defendants routinely communicated by telephone with Plaintiff in connection with attempts to sell products of Defendants.

108.   At all times relevant herein, Defendants made use of a software system that enabled them to secretly record confidential telephone conversations between Plaintiff on the one hand, and Defendants on the other hand.

109.   In each of his conversations with Defendants, Plaintiff discussed his confidential personal financial circumstances and affairs, on each account.  It was reasonable for the Plaintiff to expect that the conversations would be confined to the parties to the conversation, and that his conversations were not being overheard or recorded.

110.   Each of the conversations between Defendants and EWING was a "confidential communication" within the meaning of California Penal Code section 632(c).

111.   California Penal Code section 632 prohibits a party from recording such conversations without first informing all parties to the conversation that the conversation is being recorded.  Defendants' confidential telephone communications with Plaintiff were secretly and surreptitiously recorded by Defendants without obtaining consent to record such conversations.

112.   Defendants' practice of recording telephone conversations with Plaintiff violated California Penal Code section 632(a).

**113.**   Pursuant to California Penal Code §637.2(a)(1), Plaintiff is entitled to recover statutory damages in the amount of $5,000 per violation.  Plaintiffs' counsel is also entitled to attorneys' fees and costs pursuant to Cal. Civ. Proc. Code §1021.5.  Plaintiff consulted with several California licensed attorneys and paid for said legal advice to enable him to bring this suit.

**114.**   Pursuant to California Penal Code §637.2(b), Plaintiff also seeks a preliminary and permanent injunction to restrain Defendants from committing further violations of CIPA and to prohibit and prevent Defendants from making future death threats to Plaintiff and his family.

115.   Pursuant to California Penal Code §637, Defendants have willfully disclosed the contents of Plaintiff's telephonic communications to a third party without EWING's consent.

## RICO CONSPIRACY 18 U.S.C. §1964(c)

116.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

117.   Defendants, and each of them, have engaged in the predicate acts of wire fraud and money laundering which supports the claim of violation of 18 U.S.C. §1962(d) and (c), conspiracy to conduct racketeering affairs through a

pattern of racketeering activity.   Additionally, Defendants have made express and intentional threats directly at Plaintiff that were within the course and scope of the racketeering enterprise's operations.

118.   The enterprise is the combination of the entities named herein as defendants as stated in paragraphs 58 through 65 of this complaint.  The period of the conspiracy has lasted from at least December 2010 forward to present day.

119.   Upon information and belief, the conspiracy began in 2010.  There are two or more acts that form the basis of racketeering engaged in by Defendants by using the wires of the United States to illegally record Plaintiff's telephonic conversations and laundering over $10,000 of the proceeds of the wire fraud through financial institutions.

120.   Defendants engaged in the fraudulent use of the wires to threaten and extort Plaintiff into handing over money or property to Defendants.  Defendants are also engaging in voluminous spam calling in direct violation of 47 U.S.C. §227 to solicit confidential information over the wires of the United States.

121.   Defendants A1 SOLAR POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC., TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC., are associated with and a member of the enterprises as alleged and described above by Plaintiff.  Defendant A1 SOLAR

POWER, INC., IMAGE HOME DESIGN, INC., SMART ENERGY SOLAR, INC., UNITED EXPRESS CONSTRUCTION INC., TREEIUM INC., SOLARCITY CORPORATION, RENESOLA AMERICA INC., and RENEHOMES, INC. knowingly committed at least two of the predicate acts herein described.  The predicate acts formed a pattern of racketeering activity by having the same or similar purposes, results, participants, victims, or methods of commission, or were otherwise interrelated by distinguishing characteristics so that they were not isolated events.  The predicate acts amounted to, or threatened the likelihood of, continued criminal activity posing a threat of continuity projecting into the future and through the commission of the two or more connected predicate acts, the Defendants conducted or participated in the conduct of the affairs of the enterprises.  The enterprises were engaged in, or its activities affected, interstate commerce.  The use of the wires and the laundering of money through financial institutions affects interstate commerce.  Additionally, the making of express and intentional death threats through the use of the United States wires affects interstate commerce.

122.   Plaintiff has been injured in his business and property as a direct and proximate cause of Defendants willful violations of California law as described above, which is the pattern of racketeering activity.  Plaintiff business has suffered a significant economic downturn as a direct and proximate cause of SOLAR's

racketeering activities as described herein.  Plaintiff has lost money and revenues that could have been earned but for SOLAR's activity.  Defendants did not act by mistake or accident but rather acted voluntarily and knowingly all while conspiring to defraud Plaintiff of his privacy, money, business and property.  Each and every fraudulent telephone conversation that forms the basis of this cause of action constituted an illegal use of the wires in violation of 18 U.S.C §1343.

123.   Plaintiff demands threefold damages as well as statutorily imposed attorney fees as a result of Defendant's racketeering activities described above. Plaintiff has had to consult with a licensed attorney at law to prosecute this action and those attorney fees are requested to be paid or reimbursed.

124.   Defendant's actions did not result in nor were caused by the purchase of or sale of securities.

125.   Defendant's use of the wires (18 U.S.C. 1343) within the United States went across state lines and thus constitutes the interstate commerce of the racketeering enterprise of Defendants.

126.   Defendants committed two or more acts of racketeering activity within the ten years prior to filing this cause of action.

127.   In addition, Defendant's pattern of racketeering activities is the constant and multiple recording of thousands of telephone calls illegally over an extended period of time as described above as well as a knowing and intentional

violation of the Do Not Call registry.  Moreover, A1 SOLAR POWER, INC.'s

extortionate threats constitute the pattern of racketeering activities.

128.   Each Defendant named herein engaged, directly or indirectly, in the

pattern of racketeering affairs and activities described above.  Defendant A1

SOLAR POWER, INC.'s overt and express threats to Plaintiff over the telephone

also constitute predicate acts for purposes of racketeering activity.

129.   Defendants laundered their profits, revenues, expenses and income

from their racketeering activities as defined by 18 U.S.C. 1961(1), through US

financial institutions in violation of 18 U.S.C. §§1956 and 1957.  A1 SOLAR

POWER, INC. has earned, illegally, over $10,000 in this racketeering enterprise

operation and A1 SOLAR POWER, INC. has laundered those said funds through

financial institutions in the United States.

130.   The Defendants specified unlawful activity for purposes of 18 U.S.C.

§1956(c )(7), is 18 U.S.C. §1343 as defined in 18 U.S.C. §1961(1).  Further, the

SOLAR is not registered with the California Secretary of State and has knowingly

failed to file and pay California Franchise, income and gross receipts tax on the

profits that it has earned, obtained and received from its illegal activity herein

stated above.  The SOLAR's tax fraud constitutes an additional predicate act in

violation of RICO.

## VIOLATION OF 47 U.S.C. §227 DO NOT CALL REGISTRY

131.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

132.   47 C.F.R. 64.1200(c)(2) prohibits calling any number on the national Do Not Call list.  47 C.F.R. 64.1200(a)(1)(iii) states that no person or entity may initiate any commercial purpose telephone call to any cellular telephone that is already on the national do-not-call registry.  Plaintiff and Defendants do not and did not ever have any pre-existing or established business relationship at any time. Defendants are not a tax-exempt nonprofit organization or a political organization.

133.   Defendants do not have a do not call database.  Defendants refused to identify themselves upon request by Plaintiff.   Defendants refused to put Plaintiff on their do not call list.  Defendants used and employed an automated dialer to call Plaintiff.

134.   Defendants do not have a do not call policy that is written.

135.   Defendants refused to provide Plaintiff with a written copy of any do not call policy.

136.   Defendants do not scrub their call lists against the national do not call list or registry.

137.   Defendants do not have any personal relationship with Plaintiff.

138.   Defendants refused to provide the full name of the caller on the telephone who initiated the call.

139.   Defendants refused to provide a telephone number or address at which the Defendants could be contacted.

140.   Defendants knowingly and willfully violated the automated-call requirements under 47 U.S.C. §227(b)(3) and willfully and knowingly violated the do-not-call-list requirements under 47 U.S.C. §227(c )(5).  *Charvat v. NMP, LLC* (2001, CA6 Ohio) 656 F.3d 440 holds that Plaintiff may recover both $1500 statutory damages awards even if both violations occurred in the same telephone call.

141.   Defendants engaged in unsolicited advertising through the use of wires in the United States.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendants as follows:

A.    For statutory damages in the amount of $5,000 per violation pursuant to California Penal Code §637.2(a)(1) or, if greater, three times actual damages as provided in California Penal Code §637.2(a)(2); $500 plus threefold damages for intentional violation of the Do Not Call registry for each and every

call, failure to maintain an do not call list, and failure to provide a written copy of do not call policy.

  B. For punitive damages in an amount to be determined with exactness at trial herein;

  C. For threefold damages pursuant to 18 U.S.C. §1964(c);

  D. For a preliminary and permanent injunction to restrain further violations of the CIPA, pursuant to California Penal Code §637.2(b);

  E. For the payment of reasonable attorneys' fees and costs of suit incurred herein under all applicable statutes and rules including under Cal. Civ. Proc. Code §1021.5 and 18 U.S.C. §1964;

  F. For pre- and post-judgment interest at the legal rate; and

  G. For any other relief that the Court deems just and proper.

### DEMAND FOR JURY TRIAL

  Plaintiff is entitled to and demands a trial by jury for all claims so triable.

       Dated this 19th day of October, 2015

/s/ *Anton A. Ewing*
Anton A. Ewing,
Plaintiff in pro per

COMPLAINT - 39

## DECLARATION IN SUPPORT OF COMPLAINT

I, ANTON EWING, hereby depose, declare and state the following as true and correct under penalty of perjury under the laws of the State of California:

1.    I was called multiple times by Defendants herein and said calls were recorded without my knowledge or consent in 2015.
2.    My cellular telephone was registered with the national Do Not Call list more than 31 days prior to any and all calls made to said cell phone.
3.    A1 SOLAR POWER, INC. threatened to harm me and placed me in fear of my safety.

I am competent to testify to the above stated factual assertions.

Dated this 19th day of October, 2015

Anton A. Ewing
Plaintiff in pro per